IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY CRAYTON,<br>　　　　Plaintiff,<br><br>v.<br><br>SCI-FAYETTE, DEPARTMENT OF<br>CORRECTIONS,<br>　　　　Defendant. | 2:15-cv-1324 |

# MEMORANDUM ORDER

This is an employment discrimination case. Plaintiff was employed by Defendant from July 2000 until March 2015, when he resigned in lieu of termination. He alleges that a female co-worker falsely accused him of sexual harassment on or about July 17, 2014, which prompted Defendant to take several adverse employment actions against him, including causing him to resign from his job in the wake of a disciplinary hearing on the sexual harassment allegations. His complaint includes claims for gender discrimination and retaliation under Title VII, and a concomitant claim under the Pennsylvania Human Relations Act ("PHRA").

On December 30, 2015, Defendant filed a motion to dismiss Plaintiff's complaint, under either Rule 12(b)(1) or Rule 12(b)(6). Defendant argues, first, that this Court should abstain from exercising jurisdiction under the abstention doctrine derived from *Younger v. Harris*, 401 U.S. 37 (1971), because criminal charges have been brought against Plaintiff based on the same facts involved in his complaint, and the case against him is ongoing in Fayette County. Second, Defendant argues that the 11th Amendment bars Plaintiff's PHRA claim. Defendant filed a response on January 19, 2016, in which he concedes that his PHRA claim is barred by the 11th Amendment. He argues, however, that the requirements for *Younger* abstention have not been

1

met, so that aspect of Defendant's motion should be denied.

"[F]ederal courts have a 'virtually unflagging' obligation to hear and decide cases within their jurisdiction." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (quoting *Sprint Communications v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 591 (2013)). "[A]s a 'general rule . . . "the pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."'" *Id.* at 136 (quoting *Sprint*, 134 S. Ct. at 588 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The *Younger* abstention doctrine is a narrow exception to this rule that prevents a federal court from exercising jurisdiction where it would "unduly interfere with ongoing state proceedings such that abstention is necessary to accord[] appropriate deference to the "respective competence of the state and federal court systems."'" *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 182-83 (3d Cir. 2014) (quoting *England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411, 415 (1964) (quoting *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959)). "Although crafted in the criminal context, 'the Supreme Court has since extended *Younger*'s application to bar federal interference with certain state civil and administrative proceedings.'" *Gonzalez*, 755 F.3d at 180 (quoting *ACRA Turf*, 748 F.3d at 138).

Aside from deciding whether the state proceedings are criminal or quasi-criminal – which is a threshold issue – the court must also consider three additional factors before abstaining from exercising jurisdiction over a case. *Id.* at 182-83. "These factors include: (1) whether there is an ongoing state proceeding that was judicial in nature, (2) whether that proceeding implicates important state interests, and (3) whether the state proceeding provides an adequate opportunity for [the plaintiff] to raise his federal claims." *Id.* (citing *Sprint*, 134 S. Ct. at 593).

This case does not raise the types of concerns that the *Younger* doctrine is intended to address. To be sure, the state-court proceedings involving Plaintiff are criminal in nature and ongoing. However, as Plaintiff argues, a verdict in his favor on his discrimination and/or retaliation claims would in no way interfere with the state-court proceedings. He is seeking money damages and reinstatement, not to enjoin the criminal prosecution against him. Thus, the second requirement for abstention is not satisfied. *See Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 409 (3d Cir. 2005) (explaining that district courts must examine whether the requested relief would actually interfere with the state proceeding before deciding to abstain). Nor is the third requirement because Plaintiff's Title VII claims cannot be raised in the state-court proceedings.

For these reasons, Defendant's motion to dismiss on the grounds of *Younger* abstention is hereby **DENIED**, and Defendant's motion to dismiss Plaintiff's PHRA claim on the 11th Amendment grounds is hereby **DENIED AS MOOT**, insofar as Plaintiff has agreed to withdraw this claim.[1]

Defendant shall file an answer to Plaintiff's Title VII claims **on or before February 4, 2016**. The parties shall confer as necessary and file with the Court the Stipulation Selecting ADR

---

1. It may, however, be appropriate for the Court to stay this action – or at least impose certain limits on discovery – pending the outcome of the criminal proceedings. *See, e.g.*, *Davenport v. Columbus Consol. Gov't*, No. 4:14-CV-275 (CDL), 2015 WL 5684079, at *5 (M.D. Ga. Sept. 25, 2015) (explaining that "the stay of a civil proceeding pending the resolution of a related criminal case may be appropriate when 'special circumstances' require it in the 'interests of justice'"); *Gala Enterprises, Inc. v. Hewlett Packard Co.*, No. 96 CIV. 4864 DC, 1996 WL 732636, at *3 (S.D.N.Y. Dec. 20, 1996) (citations omitted) ("Although it is not unconstitutional to force a litigant to choose between invoking his Fifth Amendment rights and risking adverse consequences in a civil action . . . the risk of implicating Fifth Amendment rights does present a stronger case for staying discovery, particularly when, as in this case, there is a commonality of issues between the civil and the criminal cases."). At this point, neither party has requested a stay, and the Court will not issue one *sua sponte*. If either party decides to move for a stay, such a motion should be filed expeditiously, before the case gets too far into discovery.

Process and the Rule26(f) Report **on or before February 18, 2016**. The Initial Case Management Conference is scheduled on **March 4, 2016, at 8:30 a.m.** in Courtroom 6C.

It is **SO ORDERED**, this 21st day of January, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Joel S. Sansone**
Email: joelsansone03@msn.com

**Thomas L. Donahoe**
Email: tdonahoe@attorneygeneral.gov